UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOMMY BENNETT, JOHN P. MOORE,
and DONTAE BROWN,

        Plaintiffs,

v.

GRETCHEN WHITMER, HEIDI WASHINGTON,
DAVID SHAVER, and KATHLEEN MEYERS,

        Defendants.
_____/

Case No. 20-CV-12845
Honorable Thomas L. Ludington

**OPINION AND ORDER GRANTING PLAINTIFF MOORE'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, DIRECTING PAYMENT OF AN INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS FROM MOORE'S PRISON ACCOUNT, AND DENYING ALL OTHER MOTIONS AND APPLICATIONS**

This is a pro se civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. Plaintiffs Tommy Bennett, John P. Moore, and Dontae Brown are state prisoners at the Parnall Correctional Facility in Jackson, Michigan. They filed their Complaint (ECF No. 1) on October 15, 2020, with a motion to proceed *in forma pauperis* (ECF No. 2) and a motion for appointment of counsel (ECF No. 3). They allege that Defendants, who are state officials, deprived them of their right to practice their faith on two Islamic holy days in 2020. ECF No. 1 at PageID.2–3.

In their Joint Motion to Proceed *in Forma Pauperis* Plaintiffs alleged that they were indigent and unable to pay the filing fee for this action. ECF No. 2. However, they did not submit certified statements summarizing the activity in their prison trust fund accounts, as required by 28 U.S.C. § 1915(a)(2). Accordingly, on November 19, 2020, the Court ordered Plaintiffs to either prepay the filing and administrative fees or to submit applications to proceed without prepaying

the fees and certified statements regarding their prison trust fund accounts. ECF No. 4. The Court stated that any failure to comply with the Court's order within 30 days of the order could result in the dismissal of their case. *Id*. at PageID.21.

On December 9, 2020, Plaintiff John P. Moore filed a motion to extend the time for him and his co-plaintiffs to submit their certified trust fund account statements. ECF No. 7. In the alternative, he agreed to be responsible for the entire filing fee because he is the primary litigator in the case. *Id.* at PageID.25.

On December 18, 2020, Plaintiff Moore filed an application to proceed without prepaying the fees or costs for this action. ECF No. 8. Attached to the application is a certified statement of Moore's trust fund account at the Parnall Correctional Facility. *Id*. at PageID.29.

Finally, on January 11, 2021, Plaintiffs moved for a default judgment. ECF No. 9. They allege that Defendants were served with a copy of the Complaint and have failed to respond within the time limit. *Id*. at PageID.40.

## II.

### A.

As noted above, Plaintiffs initially filed a joint motion to proceed *in forma pauperis*. ECF No. 2. They later sought an extension of time to support their motion with certified statements of their trust fund accounts. They stated that they had been unable to acquire the certified statements from state officials. ECF No. 7. Plaintiff Moore, however, agreed to be responsible for the filing fee. *See id.* at PageID.25. He also filed a certified statement of his trust fund before the deadline for complying with the Court's deficiency order expired. *See* ECF No. 8. Accordingly, the Court will deny as moot Plaintiffs' Motion to Proceed *in Forma Pauperis* (ECF No. 2) and their Motion for an Extension of Time (ECF No. 7).

Plaintiff Moore's Application to Proceed Without Prepaying Fees and Costs (ECF No 8) will be granted because he submitted a certified statement of his trust fund account which demonstrates that he is indigent. The Michigan Department of Corrections will be directed to calculate and, when funds exist, withdraw an initial partial filing fee from Plaintiff Moore's prison account and forward that amount to the Clerk of this Court. The initial partial filing fee shall consist of 20% of the greater of (1) the average monthly deposits to Plaintiff Moore's prison account or (2) the average monthly balance in Plaintiff Moore's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

After Moore pays an initial partial filing fee, he must make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The Michigan Department of Corrections shall forward monthly payments from Moore's prison account to the Clerk of the Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. *Id.*

**B.**

Plaintiffs seek appointment of counsel because they are unable to retain counsel. They also allege that they have very little access to the prison's law library, limited knowledge of the law, and no formal legal training. ECF No. 3 at PageID.18.

Although a district court may appoint counsel for indigent civil litigants, 28 U.S.C. § 1915(e)(1); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993), there is no constitutional right to appointment of counsel in a civil proceeding. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "The appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances," and when determining whether exceptional circumstances exist, "courts typically

consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

Plaintiffs' case is not complex, and they have demonstrated an ability to represent themselves. Accordingly, the Court will deny the Plaintiffs' Motion for Appointment of Counsel. ECF No. 3.

### C.

Plaintiffs seek a default judgment on the basis that Defendants have not responded to the Complaint in a timely manner. The Court, however, did not arrange for service of the Complaint on Defendants, and Plaintiffs have not shown that they served their Complaint on Defendants. Accordingly, Defendants are not in default, and the Court will deny Plaintiffs' Motion for a Default Judgment. ECF No. 9.

### III.

Accordingly, it is **ORDERED** that Plaintiff Moore's Application to Proceed Without Prepaying Fees and Costs, ECF No. 8, is **GRANTED**.

It is further **ORDERED** that the Michigan Department of Corrections is **DIRECTED** to calculate and withdraw an initial partial filing fee and subsequent payments from Plaintiff Moore's trust fund account as funds become available consistent with 28 U.S.C. § 1915(b).

It is further **ORDERED** that Plaintiffs' Motion to Proceed *in Forma Pauperis*, ECF No. 2, is **DENIED AS MOOT**.

It is further **ORDERED** Plaintiffs' Motion for Appointment of Counsel, ECF No. 3, is **DENIED**.

It is further **ORDERED** that Plaintiffs' Motion for Extension of Time, ECF No. 7, is **DENIED AS MOOT**.

-5-

It is further **ORDERED** that Plaintiffs' Motion for a Default Judgment, ECF No. 9, is **DENIED**.

Dated: February 9, 2021                                       s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Tommy Bennett** #241603, PARNALL CORRECTIONAL FACILITY – SMT, 1780 E. PARNALL, JACKSON, MI 49201, **John P. Moore** #713922, PARNALL CORRECTIONAL FACILITY – SMT, 1780 E. PARNALL, JACKSON, MI 49201, and **Dontae Brown** #294823, PARNALL CORRECTIONAL FACILITY – SMT, 1780 E. PARNALL, JACKSON, MI 49201 by first class U.S. mail on February 9, 2021.

                                              s/Kelly Winslow
                                              KELLY WINSLOW, Case Manager